**STEINGRUBER et al. v. JOHNSON et al.**

**Civ. No. 84.**

District Court, M. D. Tennessee, Nashville Division.

Nov. 7, 1940.

Armistead, Waller, Davis & Lansden, of Nashville, Tenn., for plaintiffs.

Stokes & Stokes, of Nashville, Tenn., for defendants.

DAVIES, District Judge.

This cause came on to be heard upon motion of plaintiffs for the issuance of a permanent injunction, enjoining defendants from future infringements of patent rights belonging to plaintiffs.

This cause was brought by plaintiffs to enjoin defendants from infringing their patent rights and to recover damages for said infringement. A temporary stay order was issued, restraining further infringements of said patent rights.

On August 1, 1940, plaintiffs and defendants executed a written agreement, compromising and settling the matters involved in this suit. In said agreement it was provided that a consent decree would be entered in this cause, upholding the validity of said patents and declaring that said patents had been infringed by the defendants; but no money judgment was to be entered against the defendants except for the costs of the cause. Pursuant to said agreement, counsel for the plaintiffs prepared a decree and submitted it to counsel for defendants; counsel for defendants declined to approve the decree because it contained a paragraph permanently enjoining the defendants from infringing the patents in question, and returned said decree to plaintiffs' counsel who redrafted same and omitted the paragraph granting the permanent injunction and thereupon, said decree was signed by counsel for both plaintiffs and defendants and same was duly presented to the Court and entered in this cause. After the entry of said decree, plaintiffs now make their motion for the issuance of a permanent injunction.

After plaintiffs' attorney had redrafted said decree, eliminating the paragraph granting a permanent injunction, he re-

turned it to defendants' counsel, accompanied by a letter; in said letter it is stated: "Of course, I cannot waive the right of our clients to move the Court for a permanent injunction in this case, whenever we consider this procedure advisable; naturally, you will be free to oppose such motion."

It is, of course, apparent that plaintiffs' counsel meant to reserve the question of the granting of a permanent injunction for presentation to the Court at a later date. However, no such reservation was made in the decree entered in this cause. The Court can transact its business only through the medium of its orders and decrees; a consent decree represents the agreement of the parties to a case and is just as valid and binding upon the Court and upon all parties as is an order or a decree entered by the Court in due course after the determination of a cause. In fact, a consent decree may in some respects be said to be more binding upon the parties who have signed and agreed to it, as a consent decree ordinarily cannot be appealed from.

The Court is of the opinion that a consent judgment cannot be amended, modified or corrected in any essential particular except with the consent of all parties thereto. If the Court should in any way change, amend or alter the terms of a consent decree, it would cease to be the agreement of the parties, and would no longer be a consent decree. The Court is therefore of the opinion that reservation of this question not having been made in the consent decree heretofore entered in this cause, the Court is now powerless to order the issuance of the permanent injunction moved for, and the motion will, therefore, be denied.